# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT P. ROWLETTE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-18-3003 |
| USO<br>(*United Services Organization*) | * | |
| | * | |
| Defendant | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff's Court Ordered supplemental complaint has been received. ECF No. 3. Plaintiff states that in January of 2017 he stopped into the United Services Organization (USO) lounge at BWI Airport where he was "harassed by a volunteer" and denied admittance based on Plaintiff's status as a disabled vet. *Id.* at p. 6. He states he also went to the lounge on March 18, 2018, and after being asked if he was flying to Miami, a volunteer "attempted to confiscate" his Department of Defense identification and told Plaintiff he was not allowed to come into the lounge anymore "because [Plaintiff is] a disabled vet." *Id.*

The USO is neither a federal government agency, nor a veterans' service organization. Rather, it is a privately funded, non-profit organization that, pursuant to its congressional mandate, supports the American Armed Forces which includes "U.S. Active, Reserve, and Guard service members and their families." *See* https://metro.uso.org/bwi. The purpose of the lounge located at the BWI airport is to allow active service members a respite during their travels while being deployed. *Id.*

The ADA was enacted in 1990 "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities," 42 U.S.C. §

12101(b)(1), and "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Id.* § 12101(b)(2). Title I of the ADA prohibits discrimination against individuals with disabilities in employment. *See id.* § 12111 *et seq.* Title II prohibits public entities, including "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government," *id.* § 12131(1), from discriminating "by reason of" disability against a "qualified individual with a disability." *Id.* § 12132. Title III applies to public accommodations. *See id.* § 12181 *et seq.* None of the cited provisions apply to the circumstances described by Plaintiff in his complaint or his supplemental complaint. The USO is not a governmental agency; Plaintiff was not applying for employment at the USO; and the USO is not providing a public accommodation which Plaintiff was denied on the basis of his disability. Rather, it is clear Plaintiff was denied access to the USO lounge at BWI Airport because he is not an active service member.

"Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint." *Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248 (same); *Ross*, 493 F.App'x at 406 (same). The instant complaint is frivolous and must be dismissed. Plaintiff can allege no set of facts against the named Defendants that would support a viable claim under the ADA, the sole basis of the claim asserted. A separate Order follows.

JANUARY 7, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

2